## ALEX DICKERSON v. THE STATE.

### No. 2934. Decided January 14, 1914.

### Rehearing denied January 28, 1914.

1.—Minor—Gift—Intoxicating Liquors—Former Jeopardy—Separate Offense.

Where defendant was tried and convicted for giving and delivering intoxicating liquors to a minor, etc., his plea of former jeopardy was correctly stricken out, where it was disclosed that he had been before charged and acquitted of a violation of the local option law; as these offenses are entirely separate and distinct.

2.—Same—Charge of Court—Bill of Exceptions.

Where the bill of exceptions gives no reason why a requested charge in a misdemeanor case should have been given, the same presents no reversible error. Following Ryan v. State, 64 Texas Crim. Rep., 628.

Appeal from the County Court of Sabine. Tried below before the Hon. J. B. Lewis.

Appeal from a conviction of giving intoxicating liquors to a minor, etc.; penalty, a fine of $25.

The opinion states the case.

*E. P. Padgett,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Under article 593, P. C., the appellant was prosecuted and convicted for *giving* or *delivering* intoxicating liquors to a minor without the written consent of his parent or guardian and his punishment fixed at a fine of $25, the lowest prescribed by law.

The appellant claims, in various ways, former jeopardy. His pleas and bills and the record, on this subject, clearly show that at a previous day of the same term of the court at which this cause was tried, by proper complaint and information he was then charged with violating the prohibition law in force in said county for making a *sale* of intoxicating liquors to Clinton McGown, and was tried and acquitted of that

offense; that then he was prosecuted in this case for *giving* or *delivering* intoxicating liquors to Clinton McGown, a minor then under 21 years of age. The offenses are entirely separate and distinct. One alleging a *sale* of intoxicating liquors in violation of the *prohibition law,* the other, *giving or delivering* intoxicating liquors to a *minor without the written consent of his parent, etc.* It is true that the two offenses involved the same transaction. The law required additional and different proof to establish the latter from what it took to establish the former. Much additional proof from that in the first case was introduced in the second, and the record, as stated above, clearly and fully shows all this. None of the bills or complaints of appellant show any error on this account.

The sole grounds of appellant's motion for new trial or in arrest of judgment present the above question and no other.

No objection in any way is made to the charge of the court. Appellant has one bill of exceptions to the refusal of the court to give his special charge, which is quoted therein, but this is not made a ground of the motion for new trial, or in arrest of judgment. His bill as to this refused charge merely states that on the trial of the cause he requested the following charge, then quotes it, and states that the court refused to give it, to which he excepted. No reason is given in the exception, charge or elsewhere why such charge should be given. Clearly under all the decisions, this does not present the question in a way that authorizes this court to review it. Ryan v. State, 64 Texas Crim. Rep., 628; Berg v. State, 64 Texas Crim. Rep., 612, and many other cases unnecessary to cite.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied January 28, 1914.—Reporter.]